# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

RACHEL TANIBAJEVA,

                Plaintiff,

      v.

SKYTOP LODGE CORP. et al.,

           Defendant.

CIVIL ACTION NO. 3:23-CV-01846

(MEHALCHICK, J.)

## MEMORANDUM

This action arises out of strict liability, negligence, and breach of warranty claims filed by Rachel Tanibajeva ("Plaintiff") on October 2, 2023, against Sky Top Lodge Corp. ('Skytop"), Edelrid GmbH & Co. KG ("Edelrid GmbH"), Edelrid North America ("Edelrid NA"), Petzl America, Inc. ("Petzl"), Challenges Unlimited, Challenge Design Innovations, Inc. And High Country Hardware ("CDI") (collectively, "Defendants"), and John Doe Corporation 1-10. (Doc. 1). Presently before the Court are seven motions to dismiss filed by CDI, Skytop, Edelrid NA, Petzl, Challenges Unlimited, and Edelrid GmbH.[1] (Doc. 24; Doc. 26; Doc. 28; Doc. 32; Doc. 46; Doc. 70; Doc. 72). For the following reasons, Defendants' motions to dismiss will be **GRANTED in part** and **DENIED in part**. (Doc. 24; Doc. 26; Doc. 28; Doc. 32; Doc. 46; Doc. 70; Doc. 72).

---

[1] Edelrid GmbH filed its motion to dismiss twice, first as Doc. 70 and second as Doc. 72. Both motions assert the same arguments for dismissal. (Doc. 70; Doc. 72). Accordingly, the Court finds Edelrid GmbH's first motion to dismiss is **MOOT**. (Doc. 70). The motion is accordingly **DENIED**. (Doc. 70).

## I.   BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from Plaintiff's amended complaint and is considered to be true for the purposes of the instant motion to dismiss. (Doc. 21). On October 24, 2021, Plaintiff visited Treetop Adventure Course and Zip Lines at Skytop Lodge in Sky Top in Pennsylvania as a business invitee. (Doc. 21, at 2). Skytop advertises its "Treetop Adventure Course" as follows:

> For the thrill of speed and altitude, visit The Adventure Center at Skytop Lodge, the pinnacle of action and adventure in the Poconos. Treat yourself to a four-hour treetop adventure. See how exhilarating life can be 50 feet off the ground. With 14 different zip lines and over 40 different mid air elements, this is sure to be an experience to remember!"

(Doc. 21, ¶ 32).

During her visit, Plaintiff attempted to ride one of the ziplines at Skytop's adventure course. (Doc. 21, at 2). While Plaintiff was on the zipline, its components malfunctioned and failed, causing her to fall approximately 12 feet to the ground. (Doc. 21, ¶ 39). Plaintiff suffered numerous injuries, including a traumatic brain and spinal injuries, as a result of the fall. (Doc. 21, at 2). Seeking compensatory and punitive damages, Plaintiff filed this lawsuit on October 2, 2023. (Doc. 1). The instant, operative complaint was subsequently filed against Defendants and John Doe Corporation 1-10 on November 27, 2023. (Doc. 21).

On December 1, 2023, CDI filed a motion to dismiss, or in the alternative, for more definite statement as well as a brief in support. (Doc. 24; Doc. 25). On December 15, 2023, Plaintiff filed an answer to statement of facts and a brief in opposition to CDI's motion. (Doc. 30; Doc. 31). On December 7, 2023, Skytop filed a motion to dismiss for failure to state a

claim and a brief in support of its motion.[2] (Doc. 26; Doc. 27). On December 21, 2023, Plaintiff filed an answer to statement of facts and a brief in opposition to Skytop's motion. (Doc. 36; Doc. 37). On December 15, 2023, Edelrid NA filed a motion to dismiss or in the alternative for a more definite statement as well as a brief in support of its motion. (Doc. 28; Doc. 29). On December 22, 2023, Plaintiff filed an answer to statement of facts and a brief in opposition to Edelrid NA's motion. (Doc. 36; Doc. 37). On December 18, 2023, Petzl filed a motion to dismiss pursuant Rule 12(e) and Rule 12(b)(6) as well as a brief in support. (Doc. 32; Doc. 33). On December 29, 2023, Plaintiff filed an answer to statement of facts and a brief in opposition to Petzl's motion. (Doc. 40; Doc. 41).

On January 11, 2024, Challenges Unlimited filed a motion to dismiss for lack of jurisdiction and accompanying exhibits. (Doc. 46). On January 18, 2024, Challenges Unlimited filed a brief in support of its motion to dismiss. (Doc. 49). On January 19, 2024,

---

[2] The Court is concerned with the exact similarities between CDI and Skytop's briefs in support of their respective motions to dismiss. (Doc. 25; Doc. 27). It appears that Skytop's counsel has directly copied CDI's counsel's brief in support of its motion to dismiss. (Doc. 25; Doc. 27). Regardless, the Court cannot be certain whose work product is reflected in these briefs. Not long ago, similar conduct was addressed by the Third Circuit, which reprimanded a lawyer for copying and pasting *his own work* from his district court brief into a brief submitted to the appeals court, and the Eastern District of Pennsylvania, which assigned significant sanctions to a lawyer who copied *portions* of opposing counsel's brief into their own. *Conboy v. United States Small Bus. Admin.*, 992 F.3d 153, 158 (3d Cir. 2021) (stating "the copy-and-paste jobs before us reflect a dereliction of duty, not an honest mistake," and imposing Rule 38 damages); *Stilp v. Borough of W. Chester*, No. CV 21-3989, 2022 WL 10208256, at *3 (E.D. Pa. Oct. 17, 2022) (awarding sanctions of $8,483.55 where "[t]he blatant similarities between these two motions and the accompanying briefs are inescapable" and the offending attorney's "plagiarism was neither slight nor subtle."). The Court notes its disfavor of this practice, and reminds counsel of their obligations under the Rules of Professional Conduct of Pennsylvania as adopted by this Court through Local Rule 83.23.2, and specifically notes that "An unacknowledged appropriation of another lawyer's work for use in court is prohibited by [Pennsylvania Rule of Professional Conduct] 3.3, which requires candor to the tribunal." *Stilp*, 2022 WL 10208256, at *2; citing *Chalepsis v. Karloutsos*, 579 F. Supp. 3d 685, 709 (E.D. Pa. 2022).

Plaintiff filed an answer to statement of facts and a brief in opposition to Challenges Unlimited's motion. (Doc. 50; Doc. 51). On January 22, 2024, CDI filed a brief in opposition to Challenger Unlimited's motion to dismiss for lack of jurisdiction. (Doc. 52). On February 1, 2024, Challenges Unlimited filed a reply brief. (Doc. 57). On May 13, 2024, Edelrid GmbH filed a motion to dismiss for lack of jurisdiction. (Doc. 70). Edelrid GmbH refiled its motion to dismiss for lack of jurisdiction on May 16, 2024. (Doc. 72). On May 21, 2024, upon this Court's Order, Edelrid GmbH correctly filed its brief in support of the motion. (Doc. 73). On May 22, 2024, CDI filed a brief in opposition to Edelrid GmbH's motion to dismiss for lack of jurisdiction. (Doc. 74). On May 23, 2024, Plaintiff filed a brief in opposition to GmbH's motion to dismiss. (Doc. 76) Accordingly, each motion has been fully briefed and is ripe for disposition. (Doc. 24; Doc. 26; Doc. 28; Doc. 32; Doc. 46; Doc. 70; Doc. 72).

## II. LEGAL STANDARD

### A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . " *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted).

The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

    B. PERSONAL JURISDICTION

    A Federal Court may exercise personal jurisdiction over a non-resident defendant to the extent permissible under the laws of the state in which the court sits. *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992) (citation omitted). The forum state in this instance is Pennsylvania, and the applicable long arm statute is codified at 42 Pa. Stat. and Cons. Stat. Ann. § 5322(b). This statute permits courts in Pennsylvania to exercise jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Stat. and Cons. Stat. Ann. § 5322(b). Thus, this Court may properly exercise jurisdiction over Defendants so long as it does not violate their due process rights. *See Mellon Bank*, 960 F.2d at 1221.

    With respect to this constitutional inquiry, the "Due Process Clause of the Fourteenth Amendment requires that nonresident defendants have 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 299-300 (3d Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Having minimum contacts with another state provides 'fair warning' to a defendant that he or she may be subject to suit in that state." *Kehm Oil*, 537 F.3d at 299-300 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). As such, personal jurisdiction under the Due Process Clause depends upon "the relationship among the defendant[s], the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

There are two types of personal jurisdiction over non-resident defendants—general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). General jurisdiction may be asserted when a non-resident defendant has maintained "systematic and continuous contacts with the forum state." *Marten v. Godwin,* 499 F.3d 290, 296 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15 (1984)); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.") (citing *International Shoe*, 326 U.S. at 317). When subject to the general jurisdiction of a state, "that [defendant] can be called to answer any claim against [it], regardless of whether the subject matter of the cause of action has any connection to the forum." *Mellon Bank*, 960 F.2d at 1221. Thus, general jurisdiction requires that the defendant's contacts with the forum state are "of the sort that approximate physical presence." *William Rosenstein & Sons Co. v. BBI Produce, Inc.*, 123 F. Supp. 2d 268, 274 (M.D. Pa. 2000) (quoting *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006)).

Pursuant to Pennsylvania's longarm statute, this Court may exercise specific personal jurisdiction over a foreign defendant that "contract[s] to supply services or things in this Commonwealth." 42 Pa.C.S.A. § 5322(a)(2); s*ee Merced v. Gemstar Grp., Inc.*, No. CIV.A. 10-3054, 2015 WL 1182860, at *4 (E.D. Pa. Mar. 13, 2015). "Specific jurisdiction exists when the claim arises from or relates to [the defendant's] conduct purposely directed at the forum state." *Marten*, 499 F.3d at 296 (citing *Helicopteros*, 466 U.S. at 414–15 n.9). To determine

whether it has specific jurisdiction over a defendant, the Court must engage in a three-part inquiry. *O'Connor*, 496 F.3d at 317. First, the Court must consider whether the defendants "purposefully directed [their] activities" at the forum state. *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 472). Second, "the litigation must 'arise out of or relate to' at least one of those activities." *O'Connor*, 496 F.3d at 317 (quoting *Helicopteros,* 466 U.S. at 414). Third, if the prior requirements are met, "[the Court] may consider additional factors to ensure that exercising jurisdiction would be consistent with notions of '"fair play and substantial justice."' *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 476).

C. Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) often serves as a corollary to pleading standards under Rule 8(a). Rule 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction[;] … the claim showing that the pleader is entitled to relief; and … a demand for the relief sought, which may include … different types of relief." Fed. R. Civ. P. 8(a). Where the complaint is lacking in this regard:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

"A motion for a more definite statement is not a substitute for the discovery process" and such motions disfavored. *Wheeler v. United States Postal Service*, 120 F.R.D. 487, 488 (M.D. Pa. 1987). A motion for more definite statement is typically only granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Maya v. Chertok,* No. 1:15-CV-00484, 2015 WL 5254377, at *2 (M.D. Pa. Sept. 9, 2015) (quoting *Morris v. Kesserling,* No. 1:09-CV-1739, 2010 WL 4362630, at *1 (M.D. Pa.

Oct. 27, 2010), *aff'd sub nom. Morris v. Kesselring*, 514 F. App'x 233 (3d Cir. 2013) (quotations omitted)); *see Schaedler v. Reading Eagle Publ'n*, 370 F.2d 795, 798 (3d Cir. 1966) (such motions are "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading"). The opposing party must be unable to respond "even with a simple denial[ ] in good faith or without prejudice to himself." *Brueggman v. Fayette Cnty., Pennsylvania*, No. CIV.A. 95-446, 1995 WL 606796, at *4 (W.D. Pa. Aug. 17, 1995); *see Kimberton Healthcare Consulting, Inc. v. Primary PhysicianCare, Inc.,* No. CIV.A. 11-4568, 2011 WL 6046923, at *3 (E.D. Pa. Dec. 6, 2011) ("a motion for a more definitive statement is generally ... used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail" (quotations omitted)).

The Third Circuit has, however, "highlighted the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Miller v. Atl. Freight Sys., Inc.,* No. 1:11-CV-01954, 2013 WL 1308235, at *3 (M.D. Pa. Jan. 29, 2013), *report and recommendation adopted sub nom. Miller v. Atl. Freight Sys.*, No. 1:11-CV-1954, 2013 WL 1292907 (M.D. Pa. Mar. 28, 2013*)* (citing *Thomas v. Independence Twp.*, 463 F. 3d 285, 301 (3d Cir. 2006)). In this circumstance, "the Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to obtain the factual basis underlying a plaintiff's claim for relief." *Thomas*, 463 F.3d at 301. These motions are largely committed to the discretion of the trial court. *Maya*, 2015 WL 5254377, at *2.

D.  MOTION TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." The "purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Natale v. Winthrop Res. Corp.,* No. 07-2686, 2008 WL 2758238, at *14 (E.D. Pa. July 9, 2008) (internal quotation marks omitted).

"Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." *Champ v. USAA Casualty Insurance Company,* 2020 WL 1694372, at *2 (E.D. Pa. 2020); quoting *Lee v. Eddystone Fire & Ambulance,* No. 19-cv-3295, 2019 WL 6038535, at *2 (E.D. Pa. Nov. 13, 2019) (quotation omitted). "[S]triking a pleading or a portion of a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice.' "*Id.;* quoting *Lee v. Dubose Nat'l Energy Servs., Inc.*, No. 18-cv-2504, 2019 WL 1897164, at *4 (E.D. Pa. Apr. 29, 2019) (same). Thus, motions to strike pursuant to Rule 12(f) are generally disfavored "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Natale*, 2008 WL 2758238, at *14 (quoting *River Rd. Devel. Corp. v. Carlson Corp.,* No. 89-7037,1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)); *Eddystone Fire*, 2019 WL 6038535 at *3 (same).

Further, "[w]hen faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Cestra v. Mylan, Inc.*, No. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) (quoting *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009), *as amended* (July 6, 2009)).

## III.   DISCUSSION

Defendants CDI, Skytop, Petzl, Edelrid NA, and Edelrid GmbH each argue that Plaintiff's claim for "willful and wanton misconduct and/or reckless indifference" should be dismissed because Pennsylvania law does not recognize the same as a separate cause of action; Plaintiff's claim for punitive damages should be dismissed because she fails to allege facts any sufficient to demonstrate evil motive or reckless indifference to the rights of others in the amended complaint; that this Court should strike allegations that all Defendants are jointly and severally liable because Pennsylvania Fair Share Act eliminated joint and several liability. (Doc. 25, at 4-5; Doc. 27, at 4-5; Doc. 29, at 3; Doc. 33, at 3, 5, 8, 9, 10; Doc. 73, at 2). Defendants CDI, Skytop, Edelrid NA, and Petzl also request a more definite statement as to the claims against them.[3] (Doc. 25, at 4-5; Doc. 27, at 4-5; Doc. 29, at 3; Doc. 33, at 3, 5, 8, 9, 10). Additionally, Defendants Petzl and Edelrid GmbH argue Plaintiff's breach of express warranty claim must be dismissed. (Doc. 33, at 10; Doc. 73, at 2). Lastly, Challenges Unlimited and Edelrid GmbH argue that this Court cannot exercise personal jurisdiction over it. (Doc. 49, at 6, 8; Doc. 73, at 2). The Court will address each of these arguments in turn, beginning with Challenges Unlimited and Edelrid GmbH's challenges to this Court's jurisdiction. (Doc. 49, at 6, 8; Doc. 73, at 2).

### A.   PERSONAL JURISDICTION

There are two types of personal jurisdiction, general and specific. *Hellauer v. Automated Scis. Grp., Inc.*, No. CIV. A. 94-7050, 1995 WL 113021, at *1 (E.D. Pa. Mar. 16, 1995). Here, the parties do not dispute that this Court does not have general jurisdiction over either

---

[3] Edelrid GmbH does not dispute Plaintiff's claims for joint and several liability. (Doc. 73).

Challenges United or Edelrid GmbH. (Doc. 49, at 2; Doc. 51; Doc. 52; Doc. 73, at 2; Doc. 74; Doc. 76, at 17). At issue is whether this Court may exercise specific jurisdiction over Challenges United and Edelrid GmbH. To plead the Court has specific personal jurisdiction over these parties, Plaintiff must show that each entity purposefully availed themselves of the benefits and protections of Pennsylvania law and that Plaintiff's injuries were related to this purposeful availment. *See Burger King*, 471 U.S. at 475, 482; *see also Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021). The Court will begin its inquiry with Challenges United before turning to Edelrid GmbH.

### 1. Specific Jurisdiction over Challenges United

Challenges United asserts that this Court lacks specific jurisdiction over it because it "never sold or supplied any of its products to Skytop, the only Pennsylvania-based party in this action, nor has it ever had any communication or business relationship with them. The only contact [Challenges United] had was with High Country, a North Carolina-based company that purchased Elelrid Conecto swivels from it." (Doc. 49, at 9). While Challenges United admits that "[a]s a matter of convenience, High Country requested that [Challenges United] drop ship the [product] directly to the construction site at the Skytop resort in Pennsylvania, where High Country was constructing the zip-line challenge course," it maintains that this contact with the forum state is too insignificant to result in this Court's jurisdiction over it, especially given its location in Canada.  (Doc. 46-3, ¶¶ 24, 28; Doc. 49, at 9-10). Both Plaintiff and CDI refute this contention, requesting this Court find it has jurisdiction over Challenges United's or at least order discovery on the limited issue of jurisdiction. (Doc. 51, at 15, 30; Doc. 52, at 10).

Courts in this Circuit have concluded that "a single shipment of a product to Pennsylvania is not enough to confer specific personal jurisdiction." *Winters v. Akzo Nobel*

*Surface Chemistry, LLC*, No. CV 19-5398, 2020 WL 2732136, at *4 (E.D. Pa. May 26, 2020). This is especially true when that defendant has never advertised in Pennsylvania, is not licensed to do business in Pennsylvania, and has no dealers or retail outlets in Pennsylvania. (Doc. 46-3). Here, the current record before the Court reflects that Challenges United's product entered Pennsylvania through a contract with a company in North Carolina. (Doc. 46-3). Simply being tasked with shipping its product to that North Carolina company in Pennsylvania is insufficient to establish that Challenges United "deliber[atly] reach[ed] into [Pennsylvania] to target its citizens." *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103-04, 105 (3d Cir. 2009) (finding dismissal of company-defendant for lack of specific jurisdiction appropriate where the company-defendant's product ended up in Pennsylvania only through "a series of fortuitous circumstances" and "a series of third-party resales"). *cf. Blanding v. Walmart Inc.*, No. 23-CV-5142, 2024 WL 3433321, at *4 (E.D. Pa. July 15, 2024) ("And even if [defendant] knew or should have known its [products] would end up in Pennsylvania through [] sales, that expectation is insufficient to establish specific jurisdiction."); *see also Riad v. Porsche Cars NA, Inc.,* 657 F. Supp. 3d 695, 706–07 (E.D. Pa. 2023) (finding that the court lacked personal jurisdiction over a defendant that manufactured motor vehicles in Germany and then sold those vehicles to another company that distributed them in the United States, including in Pennsylvania). However, CDI argues that Challenges United's contacts were much more significant than that. (Doc. 52, at 8). According to CDI "[Challenges United] was the exclusive supplier of Edelrid product(s) to CDI from approximately 2013 to 2021." (Doc. 52, at 8). Similarly, Plaintiff emphasizes that Challenges United "directly deliberately sold these products to Pennsylvania, had them shipped them into Pennsylvania, triggered an ongoing duty to Sky Top Lodge as the seller, and the incident

that is the subject of this litigation arose directly from the intended and foreseeable use of the very products sold and shipped by the moving defendant." (Doc. 51, at 24).

A more developed record would assist the Court in making a decision regarding its jurisdiction over Challenges United in this case. The Court recognizes that "[t]o survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). However, to meet this burden, Plaintiff, as well as CDI on Plaintiff's behalf, requests limited discovery on the issue of jurisdiction. (Doc. 51, at 30; Doc. 52, at 10). CDI contends "[j]urisdictional discovery is likely to reveal the sale of products by [Challenges United] to many other customers within the borders of the United States of America (and possibly even the Commonwealth of Pennsylvania)!" (Doc. 52, at 8). "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)) (internal citations omitted). In their briefing, CDI and Plaintiff have each explained why such discovery would not be frivolous, citing the fact that despite being a Canadian company, Challenges United is active in an American based association and likely regularly does business within the United States. (Doc. 51, at 30; Doc. 52, at 9-10). Accordingly, this Court will permit limited discovery on the issue of jurisdiction and **DENY without prejudice** Challenges United's motion to dismiss for lack of jurisdiction. (Doc. 46); *see In re Automotive Refinishing Paint Antitrust Litigation*, 2002 WL 31261330, at *9 (E.D. Pa. July 31, 2002) (denying a motion to dismiss and permitting

jurisdictional discovery where plaintiff made a "threshold prima facie showing of personal jurisdiction over Defendants").

### 2.  Specific Jurisdiction over Edelrid GmbH

The Court next turns to the question of specific jurisdiction over Edelrid GmbH. In averring this Court lacks jurisdiction over it, Edelrid GmbH claims it has no direct contacts with Pennsylvania and that it has never conducted business in Pennsylvania. (Doc. 73, at 9). In support of this proposition, Edelrid GmbH attaches a Declaration from one of its Sales Manager Professionals. (Doc. 72-5). Citing to this declaration, Edelrid GmbH states the product "Plaintiff claims was involved in her alleged accident was sold to a Canadian company and sent to Canada, with no understanding that it would ultimately be re-sent to Pennsylvania." (Doc. 73, at 9). CDI, arguing against dismissal for lack of jurisdiction, provides "this Court should deny Edelrid's Motions to Dismiss because Edelrid purposefully availed itself of the privilege of conducting activities within the Commonwealth of Pennsylvania by its very own admissions to this Court!" (Doc. 74, at 3). As CDI sees it, Edelrid GmbH's acknowledgment that its product was shipped directly to Pennsylvania, albeit by another company, confirms Edelrid GmbH purposefully availed itself of the privilege of conducting activities in Pennsylvania. (Doc. 74, at 3). Without citing to any evidence or caselaw, Plaintiff similarly provides, "[w]hile the [Edelrid GmbH] denies that it knew the products were going to Pennsylvania, it routinely sells this type of material to Pennsylvania through its distributors and through various retailers." (Doc. 76, at 20).

Courts, including the Third Circuit, have rejected the "stream of commerce" theory for personal jurisdiction. *See Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018); *see also Bogle v. JD Techs., Inc.*, No. 2:21-CV-00319-MJH, 2021 WL 3472151 (W.D. Pa. Aug. 6, 2021) ("a stream of commerce theory alone would not support this Court conferring specific

jurisdiction."); *see also M. S. v. W. Power Sports, Inc.*, 512 F. Supp. 3d 604, 609 (W.D. Pa. 2021) ("The stream of commerce theory has not been adopted by a majority of the Supreme Court, and the Third Circuit has declined to endorse it."). Therefore, without evidence of direct contact with Pennsylvania or that Edelrid GmbH has conducted regular and systemic business in Pennsylvania, this Court cannot conclude at this time it has specific jurisdiction over Edelrid GmbH. *See Winters*, 2020 WL 2732136, at *4 (finding conclusory allegations that defendant interacted with the forum state insufficient to confer specific jurisdiction).

As discussed *supra*, "[t]o survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants." *Miller Yacht Sales, Inc.*, 384 F.3d at 97. Here, Plaintiff again requests limited discovery on the issue of jurisdiction to meet this burden. (Doc. 76, at 30). In support of Plaintiff's position, CDI contends "[j]urisdictional discovery is likely to reveal the historical timing, locations and quantities of products by Edelrid [GmbH] to each customer within the borders of the United States of America (and possibly all others in the Commonwealth of Pennsylvania)!" (Doc. 74, at 9). "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)) (internal citations omitted). Here, CDI has averred that jurisdictional discovery would not be clearly frivolous because "[i]t is clear that Edelrid already regularly and systematically conducts business in the United States of America. Edelrid [GmbH] has admittedly shipped products into the Commonwealth of Pennsylvania to its 'direct customer,'" and "[i]t would be unfair for this litigation to proceed against every defendant except the party that actually designed, manufactured, and distributed the allegedly

defective Edelrid® Connecto Swivel, considering Edelrid has reaped the economic benefits of conducting business toward the Commonwealth of Pennsylvania." (Doc. 74, at 9). Accordingly, this Court will permit limited discovery on the issue of jurisdiction. Edelrid GmbH's motion to dismiss for lack of jurisdiction is **DENIED without prejudice**. (Doc. 72). *See W. Africa Trading & Shipping Co. v. London Int'l Group,* 968 F. Supp. 996, 1001 (D.N.J. 1997) (denying defendant's motion to dismiss where the plaintiffs' "request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant.").[4]

    B.  JOINT AND SEVERABLE CLAIMS

Defendants CDI, Skytop, Petzl, and Edelrid NA aver that this Court should strike Plaintiff's claims for joint and several liability because the Pennsylvania Fair Share Act eliminated joint and several liability. (Doc. 25, at 11; Doc. 27, at 11; Doc. 29, at 3; Doc. 33, at 9). Plaintiff responds that she has properly alleged that Defendants are joint and severally liable for the claims asserted against them because the Pennsylvania Fair Share Act does not apply when the plaintiff is not comparatively negligent. (Doc. 31, at 1). Because there is nothing in the amended complaint suggesting Plaintiff was comparatively negligent, this Court agrees and will not strike Plaintiff's allegations of joint and several liability from the

---

[4] The Court acknowledges that some discovery has likely taken place on the issue of jurisdiction in this case, as the parties have attached and cite to exhibits in their briefing. However, as Plaintiff and CDI requests an opportunity to formally engage in discovery on the issue of jurisdiction, the Court will permit this discovery to take place before reviewing a comprehensive record and revisiting this issue on the parties' renewed motions.  See In re Chocolate Confectionary Antitrust Litig., 602 F. Supp. 2d 538 (M.D. Pa. 2009) (permitting "[a] period of discovery [to] enable plaintiffs to develop the lineaments of [defendants'] relationships with the U.S. market" after plaintiffs had "adduced sufficient evidence to warrant jurisdictional discovery against the Rule 12(b)(2) defendants.").

amended complaint. (Doc. 21, ¶¶ 43, 44, 85- 92, 94, 97- 104, 117, 119, 121, 123, 125, 127, 129, 131, 133, 141, 143, 145, 147, 149, 151, 153, 155, 157).

The parties' arguments turn on whether the Pennsylvania Fair Share Act applies to this dispute. (Doc. 25, at 11; Doc. 27, at 11; Doc. 29, at 8-9; Doc. 31, at 21). Pennsylvania courts have concluded that for the "Fair Share Act to apply, the plaintiff's negligence must be an issue in the case." *Spencer v. Johnson*, 2021 PA Super 48, 249 A.3d 529, 559 (2021); *see also Snyder v. Hunt*, 268 A.3d 416, 2021 WL 5232425, at *6 (Pa. Super. Ct. 2021) (finding defendants were not shielded from joint and several liability where plaintiff was not found to be contributorily negligent). Interpreting Pennsylvania law, the Western District of Pennsylvania has concluded the same.[5] *See Anderson v. Motorist Mut. Ins. Co.*, 608 F. Supp. 3d 214, 224 (W.D. Pa. 2022).

At this early stage of the litigation, it is impossible to determine whether Plaintiff's own negligence is at issue. Plaintiff argues that "there is no indication whatsoever that [she] was negligent, nor can she be comparatively negligent by law as to claims of strict liability, which do not permit allegations of comparative negligence." (Doc. 31, at 21). A review of the amended complaint suggests the same, and none of the moving defendants argue otherwise in their briefing. Accordingly, Defendants CDI, Skytop, Petzl, and Edelrid NA's motions to strike allegations of joint and several liability are **DENIED without prejudice**. (Doc. 24; Doc. 26; Doc. 28; Doc. 32).

---

[5] At the time of this filing, the Western District of Pennsylvania appears to be the only federal court to have directly addressed this question. *See Anderson*, 608 F. Supp. 3d at 224.

C. WILLFUL AND WANTON MISCONDUCT/RECKLESS INDIFFERENCE

Plaintiff asserts two claims for "willful and wanton misconduct and/or reckless indifference," one against Skytop and one against all the remaining Defendants together in Count IV and Count V of the amended complaint. (Doc. 21, ¶¶ 111-134, 135-158). Defendants CDI, Skytop, Edelrid NA, Petzl, and Edelrid GmbH aver that there is no separate cause of action for willful and wanton misconduct and/or reckless indifference in Pennsylvania. (Doc. 25, at 6; Doc. 27, at 6; 29, at 6; Doc. 33, at 3; Doc. 73, at 10-11). Whereas Plaintiff disagrees, maintaining that her amended complaint "properly separates distinct claim or allegations into separate counts," Defendants are correct in concluding that outrageous conduct, wanton conduct, and reckless indifference are not recognized as separate causes of action under Pennsylvania law. S*ee White v. Trybala*, No. 3:19CV14, 2019 WL 2119982, at *4 (W.D. Pa. May 15, 2019) (dismissing counts from plaintiff's complaint "to the extent that those counts allege separate and independent causes of action for outrageous, wanton, reckless, or gross indifference to the safety of the plaintiff."); *see also Archibald v. Kemble*, 971 A.2d 513 (Pa. Super. Ct. 2009). Allegations of reckless and wanton behavior are better placed in claims recognized under Pennsylvania law, such as negligence. *See Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 215 at n.2 (3d Cir. 2010) (citing *Hunter v. Squirrel Hill Assocs.*, L.P., 413 F. Supp.2d 517, 520 at n.2 (E.D. Pa. 2005) ("While Pennsylvania courts acknowledge differing standards of care, they do not recognize degrees of negligence as separate causes of action.")); *cf. Bopp v. Holbrook*, No. 3:23-CV-0128, 2024 WL 1837213, at *3 (M.D. Pa. Apr. 26, 2024) (denying defendants' motion to strike and motion to dismiss where plaintiffs sufficiently alleged reckless conduct in his claims for wrongful death and negligence). Thus, "[b]ecause the plaintiff[] ha[s] already raised negligence claims [in her] complaint, the defendants' motion to dismiss [] will be granted to the extent those counts state separate causes of action for

outrageous conduct, wanton conduct, recklessness, reckless indifference, or gross negligence." (Doc. 21); *Trybala*, 2019 WL 2119982, at *2. Defendants CDI, Skytop, Edelrid NA, Petzl, and Edelrid GmbH's motions to dismiss are **GRANTED** on this basis. (Doc. 24; Doc. 26; Doc. 28; Doc. 32; Doc. 72). Count IV and Count V of the amended complaint, Plaintiff's claims for "Willful and Wanton Misconduct and/or Reckless Indifference" are to be **DISMISSED**. (Doc. 21, at 39, 46). Because Plaintiff's claims for punitive damages are asserted under these causes of action, the Court is compelled to **DISMISS without prejudice** Plaintiff's requests for punitive damages. (Doc. 21, at 46, 53). However, as will be discussed below, the Court will grant Plaintiff leave to amend her complaint to better assert her allegations of willful, wanton, and reckless behavior in her cause of action for negligence. Plaintiff may reassert her claim for punitive damages at that time. *See McKenna v. Toll Bros.*, No. CIV.A. 14-6543, 2015 WL 1874236, at *3 (E.D. Pa. Apr. 23, 2015) (granting leave to amend where Plaintiff failed have failed to adequately allege any facts that could state recklessness or punitive damages claims under Pennsylvania law).

### D. Breach of Express Warranty

Defendants Petzl and Edelrid GmbH argue that Plaintiff's breach of an express warranty claim against them must be dismissed as insufficiently pled and "unsustainable." (Doc. 33, at 10; Doc. 73, at 13). Petzl argues that Plaintiff's claim is deficient because she has failed to allege that she was a purchaser of Petzl's product. (Doc. 33, at 10-11). According to Edelrid GmbH, "Plaintiff does not allege that she was a purchaser of any product from Edelrid GmbH, and her Complaints do not make any specific allegations as to the existence or details of the alleged warranty she seeks to recover with respect to Edelrid GmbH." (Doc. 73, at 13). Plaintiff fails to rebuke these arguments, instead stating only "to the extent the Court grants moving defendant's motion only as to a breach of express warranty, Plaintiff

respectfully requests that any such claim be dismissed without prejudice or that Plaintiff be given the opportunity to file an amended pleading to cure any alleged or perceived issue with her allegations." (Doc. 73, at 39).

"Under Pennsylvania law, express warranties are 'specifically negotiated;' they are created by a seller through 'any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain.'" *McDonnell v. Flowonix Medical Inc.*, No. CV 21-1404, 2022 WL 221612, at *6 (E.D. Pa. Jan. 25, 2022) (citing *Goodman v. PPG Indus.*, 2004 PA Super 151, 849 A.2d 1239, 1243 (Pa. Super. Ct. 2004); 13 Pa. Cons. Stat. Ann. § 2313. "To plausibly plead an express warranty claim, some level of meaningful detail is required." *Flowonix Medical Inc.*, 2022 WL 221612, at *6; *see Greenwald Caterers Inc. v. Lancaster Host, LLC*, 599 F. Supp. 3d 235, 258 (E.D. Pa. 2022). Here, the amended complaint lacks this "meaningful detail." (Doc. 21); *Greenwald Caterers Inc.*, 599 F. Supp. 3d at 258. Specifically, Plaintiff does not allege that she was a purchaser of products sold by either Edelrid GmbH or Petzl. (Doc. 21, at 36). Accordingly, Petzl and Edelrid GmbH's motions to dismiss will be **GRANTED** as to Plaintiff's breach of an *express* warranty claims. (Doc. 72; Doc. 32). As none of the parties dispute Plaintiff's claims as they relate to any implied warranty, only the express warranty claims against Petzl and Edelrid GmbH are to be **DISMISSED** from Count III. (Doc. 21, at 36).

### E.   MOTION FOR MORE DEFINITE STATEMENT

Defendants CDI, Skytop, Edelrid NA, and Petzl complain that Plaintiff's amended complaint improperly lumps together all defendants in Counts I, II, III, and V, in violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b). (Doc. 25, at 9; Doc. 27, at 9; Doc. 29, at 5; Doc. 33, at 8). Plaintiff maintains that her amended complaint properly separates distinct claims into separate counts. (Doc. 21; Doc. 31, at 17). Under Federal Rule of Civil Procedure

12(e), parties may move for a more definite statement of a pleading when faced with pleading that "is so vague or ambiguous that the party cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e). "Rule 12(e) motions are generally disfavored, and are reserved for the 'rare cases' where the unintelligibility or ambiguity of a complaint prevents a defendant from being 'able to frame a responsive pleading.'" *Volkmann v. Intertek York - Bldg. Prod. & Bldg. Servs.*, No. 1:18-CV-781, 2019 WL 247514, at *2 (M.D. Pa. Jan. 17, 2019) (internal citations omitted) (citing *Horse Soldier, LLC v. Tharpe*, No. 1:13-CV-2892, 2014 WL 5312823, at *3 (M.D. Pa. Oct. 17, 2014); *Wadhwa v. Sec'y, Dep't of Veterans Affairs*, 505 F. App'x 209, 214 (3d Cir. 2012) (nonprecedential) (quoting *Schaedler v. Reading Eagle Publ'n, Inc.,* 370 F.2d 795, 798 (3d Cir. 1967))). "Rule 12(e) is not meant to supply 'greater particularization of information alleged in the complaint or which presents a proper subject for discovery,' but instead is reserved for the uncommon situation where a defendant 'cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" *Volkmann*, 2019 WL 247514, at *2 (quoting *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2017) (alteration in original) (citations omitted); *see also Andrews v. D2 Logistics, Inc.*, No. 1:21-CV-869, 2022 WL 178817, at *8 (M.D. Pa. Jan. 19, 2022). Here, that threshold is not met. The pleadings are not so vague as to make responsive pleading impossible. *See D2 Logistics, Inc.*, 2022 WL 178817, at *8 (denying a motion for more definite statement where "it cannot be said that the plaintiffs' complaint is so vague, ambiguous or unintelligible that the defendants would be stymied in their efforts to frame a responsive pleading."). Accordingly, Defendants CDI, Skytop, Edelrid NA, and Petzl's motions for more definite statement are **DENIED**. (Doc. 24; Doc. 26; Doc. 28; Doc. 31).

## IV.   LEAVE TO AMEND

The Third Circuit has instructed that district courts generally must permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). However, the Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Here, considering the deficiencies with Plaintiff's amended complaint outline *supra*, amendment would not futile or inequitable to Defendants. Thus, the Court will grant Plaintiff an opportunity to cure the deficiencies with her amended complaint, particularly as they relate to her claim for punitive damages and allegations of reckless, wanton, and outrageous behavior, and to file a second amended complaint that is complete in all respects.

## V.   CONCLUSION

Based on the foregoing, Defendants' motions to dismiss are **GRANTED in part** and **DENIED in part**. (Doc. 24; Doc. 26; Doc. 28; Doc. 32; Doc. 46; Doc. 70; Doc. 72). Edelrid GmbH's first motion to dismiss is **DENIED** as **MOOT**. (Doc. 70). Challenges United's motion to dismiss for lack of jurisdiction is **DENIED without prejudice**. (Doc. 46). Edelrid GmbH's motion to dismiss for lack of jurisdiction is **DENIED without prejudice**. (Doc. 72). The parties are directed to engage in limited discovery on the issue of jurisdiction. The Court will reconsider Defendants Challenges United and Edelrid GmbH's challenges to jurisdiction upon the refiling of their motions with the benefit of this limited discovery. Defendants CDI, Skytop, Petzl, Edelrid NA, and Edelrid GmbH's motions to dismiss Plaintiff's claims for "willful and wanton misconduct and/or reckless indifference" and punitive damages are

23

**GRANTED**. (Doc. 24; Doc. 26; Doc. 28; Doc. 32; Doc. 72). Count IV and Count V are to be **DISMISSED**. (Doc. 21, at 39, 46, 53). Petzl and Edelrid GmbH's motions to dismiss Plaintiff's breach of an *express* warranty claims are **GRANTED**. (Doc. 72; Doc. 32). The express warranty claims against Petzl and Edelrid GmbH are to be **DISMISSED** from Count III. (Doc. 21, at 36). Defendants CDI, Skytop, Petzl, and Edelrid NA's motions to strike Plaintiff's claims for joint and several liability are **DENIED**. (Doc. 24; Doc. 26; Doc. 28; Doc. 32). Defendants CDI, Skytop, Petzl, and Edelrid NA's motions for more definite statement as to Count I, Count II, Count III, and Count V are **DENIED**. (Doc. 24; Doc. 26; Doc. 28; Doc. 32). Plaintiff will be granted leave to file an amended complaint within 28 days of this filing, on or before **October 1, 2024**. An appropriate Order follows.

Dated: September 3, 2024                    *s/ Karoline Mehalchick*
                                            **KAROLINE MEHALCHICK**
                                            **United States District Judge**